E-FILED
Tuesday, 21 February, 2017 05:04:00 PM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| TONY SPEARS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-cv-1474 |
| ) | |
| OFFICER ANDREW HESS and PEORIA ) | |
| COUNTY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION & ORDER

This matter is before the Court on the Motion for Summary Judgment (Doc. 15) filed by the Defendants, Officer Andrew Hess and Peoria County. The motion has been fully briefed and is ready for disposition. For the reasons stated below, Defendants' Motion for Summary Judgment is GRANTED.

### BACKGROUND

Plaintiff, Tony Spears, was a pre-trial detainee in the Peoria County Jail (the "Jail") on or around July of 2015. Plaintiff obtained knowledge of another inmate's involvement in a crime and it became known to that inmate, Deon Wells, that Plaintiff was going to testify against him at his trial. Plaintiff was placed on a keep away order related to Wells. Officer Hess was a transport officer. He was transporting Wells and Plaintiff to court one morning. Officer Hess failed to keep Inmate Wells away from Plaintiff. Inmate Wells attacked and injured Plaintiff.

1

The Jail has a documented grievance procedure. The Jail provides detainees with an Inmate Rules, Regulations, and Information Handbook (the "Handbook") and also makes the Handbook available at an electronic kiosk located in Plaintiff's housing unit dayroom. The Handbook outlines the procedures for submitting a grievance. An inmate can submit grievances electronically through the kiosk or on paper. Plaintiff acknowledged that he was familiar with the grievance process, both under the paper system and the electronic kiosk system. Plaintiff admits that he never filed a grievance related to the 07/10/15 incident or Officer Hess. Nor has he ever forwarded any complaint about the failure to protect him from Inmate Wells to the Illinois Office of Jail and Detention Standards.

Nevertheless, immediately following his attack, Plaintiff gave a detailed account of the incident to Officer Hess and other jail officers. Jail staff ensured the keep-away order was reflected in the electronic records. Furthermore, several days after the attack, Plaintiff filed a formal grievance in relation to Inmate Well's cousin, who was in the same unit as Plaintiff and had threatened him with violence.

Ultimately, Plaintiff filed the Complaint in this action in November 2015 alleging two counts. Count I alleges that Officer Hess violated Plaintiff's Fourth and Fourteenth Amendment rights[1] in failing to protect Plaintiff from Inmate Wells.

---

[1] The Court does not understand how the facts alleged in the Complaint can be construed to give rise to a Fourth Amendment claim. The Fourth Amendment pertains to searches and seizures. Plaintiff is claiming Officer Hess failed to protect him from a known danger. That is usually an Eighth Amendment claim deriving from the government official's responsibility to not inflict cruel and inhumane punishment on prisoners. However, since the Plaintiff was a pretrial detainee at the time of his allegations, his claims arise under the Fourteenth Amendment rather than the Eighth Amendment. *Smith v. Knox County Jail*, 666 F.3d 1037, 1039 (7th Cir. 2012)

Count II is an indemnification claim under Illinois state law against Peoria County, Officer Hess's employer.

## LEGAL STANDARDS

Summary judgment shall be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party. *SMS Demag Aktiengesellschaft v. Material Scis. Corp.*, 565 F.3d 365, 368 (7th Cir. 2009). All inferences drawn from the facts must be construed in favor of the non-movant. *Moore v. Vital Prods., Inc.*, 641 F.3d 253, 256 (7th Cir. 2011).

To survive summary judgment, the "nonmovant must show through specific evidence that a triable issue of fact remains on issues on which [it] bears the burden of proof at trial." *Warsco v. Preferred Technical Grp.*, 258 F.3d 557, 563 (7th Cir. 2001) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). If the evidence on record could not lead a reasonable jury to find for the non-movant, then no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. *See McClendon v. Ind. Sugars, Inc.*, 108 F.3d 789, 796 (7th Cir. 1997). At the summary judgment stage, the court may not resolve issues of fact; disputed material facts must be left for resolution at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

---

("Smith's claim against the Illinois jail officers arises under the Due Process Clause of the Fourteenth Amendment, which affords pretrial detainees the same protection against deliberate indifference as the Eighth Amendment guarantees to the convicted.").

3

**DISCUSSION**

The Prison Litigation Reform Act, 42 U.S.C. § 1997e ("PLRA"), was enacted in 1996 with the intent to decrease the incidence of frivolous prisoner litigation burdening the federal courts. Accordingly, the PLRA includes a strict, mandatory exhaustion requirement that disallows any lawsuit brought by a prisoner confined in any jail, prison, or other correctional facility that deals with prison conditions under 42 U.S.C. § 1983 or any other federal law, if the prisoner failed to exhaust any administrative remedies as were available to him. 42 U.S.C. § 1997e(a). *Ross v. Blake*, 136 S.Ct. 1850 (U.S. 2016). The Seventh Circuit has also taken a strict compliance approach to exhaustion requiring a prisoner to pursue all available administrative remedies and comply with a facility's procedural rules and deadlines. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Riccardo v. Rausch*, 375 F.3d 521, 523-24 (7th Cir. 2004). If an inmate fails to follow the grievance procedure rules, his claims will not be exhausted, but instead forfeited, and he will be barred from filing suit in federal court even if administrative remedies are for practical purposes no longer available to him due to his procedural default. *Pozo*, 286 F.3d at 1025.

Plaintiff was a "prisoner" as that term is defined by the statute at all times relevant to this case—at the time of the alleged incident, at the time this suit was brought, and currently. *See* 42 U.S.C. § 1997e(h) (definition of "prisoner"). Thus, the PLRA applies and Plaintiff was required to exhaust his available administrative remedies.

4

The Jail utilizes specific grievance procedures of which the Plaintiff was aware and had used in other incidents. Plaintiff admitted in his deposition that he did not file a grievance with respect to being assaulted by Inmate Wells or against Officer Hess for allegedly failing to protect him. He thus admitted that he failed to exhaust his administrative remedies by filing an appropriate grievance. He argued at his deposition that he did not think he had to do it. The following exchange from the deposition illuminates Plaintiff's thinking:

> Q: Did you ever file complaints -- a complaint or a grievance about the July 10, 2015 incident?
>
> A: About him attacking me then? Well, no, cause everybody knew about it. I mean, it was the biggest gossip in the entire county jail amongst everybody. I mean, how can I file a grievance on it when at that point in time I knew something should have tooken place.
>
> ***
>
> Q: Let me just clarify this cause it kind of sounded to me like you were talking about filing a grievance against inmate Wells. But I guess I'm looking for more.
>
> A: Against staff?
>
> Q. Against staff. Specifically Officer Hess.
>
> A. No. Because, see, if there were -- well, how I felt about the ordeal is it fell into so many different people's hands that so many people did not do what should have been done from the get-go.
>
> ***
>
> Q. So we've established that you didn't file a complaint or grievance about the July 10, 2015 incident itself. But did you ever file a complaint against Officer Hess at any point during your time at the Peoria County Jail?
>
> A: No. Because, like I said again, it fell on so many different people's hands, who am I going to file it against.

(Doc. 15-7 at 23-25).

The PLRA contains an exception to the exhaustion requirement, which is a prisoner need not bring a grievance if such grievances are unavailable. *Ross*, 136 S. Ct. at 1858 ("An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones."). Availability is a nuanced concept, but Plaintiff does not argue that grievance procedures were unavailable to him. Instead, the Court interprets Plaintiff to contend that his failure to exhaust should be excused because he believed a grievance would have been useless in this situation.

The Seventh Circuit has rejected subjective beliefs of the prisoner as a viable excuse for failure to exhaust jail grievance procedures. *Twitty v. McCoskey*, 226 F. App'x 594, 596 (7th Cir. 2007). ("As the Eighth Circuit has observed, 42 U.S.C. § 1997e(a) 'says nothing about a prisoner's subjective beliefs, logical or otherwise, about administrative remedies that might be available to him. The statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them.' *Chelette v. Harris,* 229 F.3d 684, 688 (8th Cir. 2000)."). In short, Plaintiff admits he never filed a grievance related to his assault or against Hess for his alleged failure to protect. His subjective belief that a grievance was futile is no excuse for his failure to pursue the grievance procedures available to him.

Plaintiff offers an alternative response for his failure to exhaust the grievance process. Immediately following the incident, Plaintiff informed Officer Hess and others in person that he was attacked due to testifying against Wells. Officials then made sure that the electronic records reflected that Plaintiff had a no-contact order with Inmate Wells. Moreover, fourteen days later Plaintiff filed a grievance complaining that Inmate Wells's cousin was in the same unit as Plaintiff and

6

threatening him. According to Plaintiff, these two events—the immediate verbal report to officials that was recorded and the fourteen day later grievance related to Inmate Wells's cousin—sufficed to alert the state to the problem and invite corrective action, which is the purpose of a grievance.

This argument cannot prevail. As one of the cases Plaintiff cites makes clear, only when there is no established grievance procedure in place will a plaintiff's communication that otherwise serves the purpose of a grievance be taken to satisfy the exhaustion requirement. *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). This is a variation of the afore-mentioned exception that a prisoner need not bring a grievance if such grievances are unavailable. *Ross*, 136 S. Ct. at 1858. Another of the cases Plaintiff cited makes the point succinctly—"[t]o exhaust remedies a prisoner must properly use the prison's grievance process." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Here, an established grievance procedure was in place. Plaintiff knew about it and failed to utilize it. Thus, Plaintiff is not like the prisoner in *Maddox v. Love*, who had followed the prison's three-step grievance process, only failed to adequately identify the particular defendants in the grievance. 655 F.3d 709, 721 (7th Cir. 2011). Again, Plaintiff here did not avail himself of the grievance process at all in relation to the July 10 incident or Officer Hess, so no exception to the exhaustion requirement exists under the facts presented.

Therefore, the Court finds that this lawsuit is barred by 42 U.S.C. § 1997e(a) and must be dismissed. The Court need not address Defendants' other grounds for summary judgment. (*See* Doc. 15 at 9-18 (Plaintiff has no evidence that satisfies the

elements of a failure to protect claim; Defendant Hess is entitled to qualified immunity)).

## CONCLUSION

For the reasons stated above, Defendants' Motion for Summary Judgment (Doc. 15) is GRANTED for Defendants. The failure to protect claim against Officer Hess fails for Plaintiff's failure to exhaust administrative remedies. The state law indemnification claim against Peoria County fails as well since the underlying claim against Officer Hess has been summarily decided in his favor.

SO ORDERED.

CIVIL ACTION TERMINATED.

Entered this <u>21st</u> day of February, 2017.

                                                     s/ Joe B. McDade

                                           JOE BILLY McDADE
                              United States Senior District Judge